UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES GREER,

    Petitioner,

              CASE NO. 2:06-CV-14997
v.             HONORABLE GEORGE CARAM STEEH

MILLICENT WARREN,

    Respondent.
               /

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DENYING A CERTIFICATE OF APPEALABILITY
AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

### I. Introduction

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner James Greer ("Petitioner") was convicted of conspiracy to deliver between 50 and 225 grams of cocaine following a bench trial in the Oakland County Circuit Court and was sentenced to 10 to 20 years imprisonment in 2004. In his pleadings, he raises claims concerning his sentence and the sufficiency of the evidence. Respondent, through the Michigan Attorney General's Office, has filed an answer to the petition contending that it should be denied. For the reasons set forth, the Court denies the petition for writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed on appeal *in forma pauperis*.

### II. Facts and Procedural History

Petitioner's conviction arises from drug dealings with his son, Christopher Greer, in Pontiac, Michigan on February 19, 2003. Petitioner has submitted his direct appeal brief and

other materials in support of his claims. The Court adopts the statement of facts contained in Petitioner's state appellate brief, insofar as those facts are consistent with the record, as Respondent has not disputed them. *See Dickens v. Jones*, 203 F. Supp. 2d 354, 360 (E.D. Mich. 2002); *Bland v. California Dep't. of Corrections*, 20 F.3d 1469, 1474 (9th Cir. 1994). Those facts are as follows:

> On February 19, 2003, Defendant's son, Christopher, called him to inquire about purchasing cocaine. He told his father that Danny, a childhood friend known to both father and son, wanted to purchase two ounces of cocaine. He asked his father if he could find an ounce and a half of cocaine to which Christopher would add a half ounce. (T p.28) Mr. Greer called a source named Cedric and arranged to meet to purchase an ounce and a half of cocaine. Christopher was driven by his friend, Danny McCune, to the McDonald's restaurant located in the city of Pontiac. At that location, Christopher Greer entered his father's vehicle and drove a short distance to a place called Ducky's Bar where James Greer met his source, Cedric. James Greer purchased one and a half ounces or forty-two grams of cocaine from Cedric with funds provided to him by his son Christopher. James Greer gave the cocaine to his son who was riding in the passenger seat of James Greer's vehicle. Christopher Greer stated at that time, he poured sixteen ounces of "msn," a white vitamin powder he purchased at the GNC store into the bag of cocaine to make it weigh two ounces. James Greer drove Christopher to a Mobil station where Danny McCune was waiting for his cocaine. Christopher testified that he gave his father between twenty and fifty dollars for arranging this purchase for him. Christopher explained that it was his plan to buy one and a half ounces for $1,400.00 and add sixteen ounces of "msn" to it to increase the volume to the two ounces expected by Danny McCune, and sold it to Danny for $2,000.00. (T p.37) Later that evening, Danny McCune was stopped by the Pontiac Police and arrested. The cocaine was confiscated. (T p.15)
>
> Before analysis, the cocaine seized from Danny McCune weighed 54.88 grams. (T p.70).

Pet. App. Brf., p. 5.

Petitioner was found guilty of conspiracy to deliver 50 to 225 grams of cocaine and sentenced to 10 to 20 years imprisonment. At sentencing, defense counsel sought a downward departure from the mandatory minimum sentence, but the court refused to do so and imposed the

required term as recommended by the probation department. *See* 7/26/04 Sent. Tr., pp. 8-10. Petitioner subsequently filed a motion for re-sentencing with the trial court again seeking a downward departure, but the court denied the motion. *See* 4/27/05 Mot. Tr., pp. 16-17.

Petitioner filed an appeal as of right with the Michigan Court of Appeals raising the same claims contained in the present petition. The court affirmed his conviction and sentence. *See People v. Greer*, No. 257269, 2006 WL 397864 (Mich. Ct. App. Feb. 21, 2006) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *See People v. Greer*, 476 Mich. 858, 718 N.W.2d 336 (2006).

Petitioner thereafter filed the present petition, raising the following claims:

I. The trial court abused its discretion in failing to consider all of his articulated objective and verifiable reasons for departure from the mandatory minimum sentence of ten years thereby depriving him of his constitutional right to due process of law.

II. He was deprived of his constitutional right to due process of law due to the prosecution's failure to introduce sufficient evidence to prove he conspired to deliver between 50 and 225 grams of cocaine.

Respondent has filed an answer to the petition asserting that it should be denied because the claims are not cognizable and/or lack merit.

**III. Analysis**

    **A. Standard of Review**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody

>    pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
>    (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>    (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether

the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

    **B.**    **Sentencing Claim**

Petitioner first asserts that he is entitled to habeas relief because the trial court failed to properly consider a departure below the mandatory minimum sentence and impose a lesser sentence. Respondent contends that this claim is not cognizable upon habeas review.

Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review, unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner was sentenced to 10 to 20 years imprisonment

on his conviction for conspiracy to deliver between 50 and 225 grams of cocaine. His sentence is within the statutory maximum. *See* Mich. Comp. L. §§ 333.7401(2)(a)(iii); 750.157a. Petitioner's claim that the trial court failed to adequately consider a downward departure and impose a lesser sentence presents a matter of state law which is not cognizable upon federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state court determinations on state law questions"); *see also Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000). A state court's failure to abide by its own sentencing procedures is not subject to federal habeas review. *See Draughn v. Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992). There is also no federal constitutional right to individualized sentencing. *See United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Any perceived error in refusing to consider or depart below a minimum sentence or guideline range does not merit federal habeas relief. *See Stephens v. Howes*, No. 06-CV-14885, 2008 WL 4725881, *1 (E.D. Mich. Oct. 24, 2008); *Lewis v. Prelesnik*, No. 05-CV-73438-DT, 2007 WL 674609, *4 (E.D. Mich. March 5, 2007). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). Petitioner has failed to state a claim upon which federal habeas relief may be granted as to this issue. He is thus not entitled to relief on such a basis.

    **C.**    **Insufficient Evidence Claim**

Petitioner next asserts that he is entitled to habeas relief because the prosecution failed to present sufficient evidence to support his conviction for conspiracy with intent to deliver between 50 and 225 grams of cocaine. Specifically, Petitioner claims that the prosecution failed

to prove the requisite elements of conspiracy beyond a reasonable doubt.  Respondent contends that this claim lacks merit.

In *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), the United States Supreme Court established that a federal court's review of a sufficiency of the evidence claim must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." The Court must view this standard through the framework of 28 U.S.C. § 2254(d).  *See Martin v. Mitchell*, 280 F.3d 594, 617 (6th Cir. 2002).  The *Jackson* standard must be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson*, 443 U.S. at 324 n. 16.  "The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim."  *Matthews v. Abramajtys*, 319 F.3d 780, 788-89 (6th Cir. 2003) (citation omitted).

Under Michigan law, a conspiracy involves the mutual agreement or understanding, express or implied, between two or more persons to commit a criminal act or a legal act by unlawful means.  *See* Mich. Comp. L. § 750.157a; *People v. Blume*, 443 Mich. 476, 481, 505 N.W.2d 843 (1993); *People v. Izarraras-Placante*, 246 Mich. App. 490, 493, 633 N.W.2d 18 (2001).  A conspiracy may be established by circumstantial evidence and may be based on inference.  *See People v. Fennell*, 260 Mich. App. 261, 270-71, 677 N.W.2d 66 (2004); *People v. McKenzie*, 206 Mich. App. 425, 428, 522 N.W.2d 661 (1994).  Direct proof of agreement is not required, nor is it necessary that a formal agreement be proven.  It is sufficient if the circumstances, acts, and conduct of the parties establish an agreement in fact.  *See People v. Justice (after remand)*, 454 Mich. 334, 347, 562 N.W.2d 652 (1997).  To support a conviction

for conspiracy to deliver a controlled substance, the prosecution must prove that: (1) the defendant possessed the specific intent to deliver the statutory minimum as charged; (2) his coconspirator(s) possessed the specific intent to deliver the statutory minimum as charged; and (3) the defendant and his coconspirator(s) possessed the specific intent to combine to deliver the statutory minimum as charged to a third person. *See People v. Mass*, 464 Mich. 615, 629-30, 633, 628 N.W.2d 540 (2001) (citing *Justice*); *see also* Mich. Comp. L. § 333.7401(2)(a)(iii).

Applying the *Jackson* standard, the Michigan Court of Appeals concluded that the prosecution presented sufficient evidence to establish Petitioner's guilt of conspiracy to deliver between 50 and 225 grams of cocaine. The court explained:

> Here, defendant challenges whether the prosecutor presented sufficient evidence that he intended to join with his son, Christopher, to deliver over 50, but less than 225, grams of cocaine. Defendant denied that he agreed with Christopher to deliver cocaine to Danny McCune and no evidence directly shows that he consented to the cutting of the cocaine in order to make it weigh more before they sold it to McCune. Evidence established, however, that defendant called his drug dealer and purchased 42.45 grams of cocaine and he admitted that he agreed to get the cocaine for Christopher to sell to McCune. At one point, Christopher also testified that he told defendant that McCune wanted two ounces of cocaine, but Christopher only needed an ounce and a half of cocaine because he was going to cut it into two ounces. The evidence also established that defendant sat right next to Christopher while Christopher cut the cocaine into a mixture between 50 and 225 grams. Defendant then drove Christopher to McCune so he could complete the sale. Defendant also profited from the sale because he received some money from Christopher and some cocaine from his drug dealer for his part in the transactions.
>
> Deferring to the trial court's superior position to judge witness credibility, and viewing the evidence in a light most favorable to the prosecution, we conclude that the prosecutor presented sufficient evidence to show that defendant had the specific intent to combine with his son to deliver between 50 and 225 grams of a mixture containing cocaine.

*Greer*, 2006 WL 397864 at *2. This decision is neither contrary to *Jackson* nor an unreasonable application of the law or the facts. The trial testimony showed that Petitioner

obtained 42 grams of cocaine for his son to sell to Danny McCune, that he knew that his son was going to cut it with powder to make two ounces (creating a mixture between 50 and 225 grams), that he watched his son take such action, that he drove his son to complete the transaction, and that he profited from the drug deal. Such testimony established that Petitioner acted with the requisite knowledge and intent to conspire with his son to deliver between 50 and 225 grams of cocaine to Danny McCune.

To the extent that Petitioner's insufficient evidence claim challenges the inferences that the trial court (sitting as the trier of fact) drew from the testimony presented at trial or challenges the weight to be accorded certain pieces of evidence, he is not entitled to relief. It is well-settled that "[a] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume - even if it does not affirmatively appear in the record - that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Walker v. Engle*, 703 F.2d 959, 969-70 (6th Cir. 1983). Given the evidence presented at trial, a rational trier of fact could have found Petitioner guilty of conspiracy to deliver between 50 and 225 grams of cocaine beyond a reasonable doubt. Habeas relief is not warranted on this claim.

**IV.    Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained his petition and that the petition must be denied.

Before Petitioner may appeal the Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id.* at 336-37.

Having conducted the requisite review, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claims. A certificate of appealability is not warranted. The Court further concludes that Petitioner should not be granted leave to proceed on appeal *in forma pauperis* as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to proceed on appeal *in forma pauperis* are **DENIED**.

Dated: March 25, 2009

                                               S/George Caram Steeh
                                               GEORGE CARAM STEEH
                                               UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

Copies of this Order were served upon attorneys of record on March 25, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk